UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY and NANCY HEWITT, pro se, | CASE NO. 3:22-cv-05729-DGE |
| Plaintiffs | ORDER GRANTING MOTION TO DISMISS (DKT. NO. 8) |
| v. | |
| WELLS FARGO BANK, | |
| Defendant. | |

## I    INTRODUCTION

This matter comes before the Court on Defendant's motion to dismiss the Plaintiffs' complaint for failure to state a claim (Dkt. No. 8).  For the reasons articulated herein, we GRANT Defendant's motion and DISMISS the complaint with prejudice.

## II    BACKGROUND

This case stems from years of litigation surrounding Plaintiffs' default on their home loan and related foreclosure proceedings.  Much of the procedural and historical background has been discussed at length in prior cases.  *See, e.g.*, *Hewitt v. Quality Loan Servs.*, No. C19-5274 BHS,

2019 WL 3287078, at *2 (W.D. Wash. July 22, 2019); *Hewitt v. Wells Fargo Bank*, No. C11-5147BHS, 2011 WL 2144627, at *1 (W.D. Wash. May 31, 2011).

On March 15, 2022, Defendant began eviction proceedings against the Plaintiffs in the Superior Court of Washington for Pierce County. (Dkt. No. 8 at 4.) The superior court granted Defendant a writ of restitution and denied Plaintiffs' efforts to stay the writ on August 31, 2022. (*Id.*) On September 2, 2022, Plaintiffs filed a complaint in the Superior Court of Washington for Pierce County seeking an injunction restraining Defendant from enforcing any eviction proceedings, and bringing claims of breach of contract and the Fair Debt Collection Practices Act, as well as a claim for quiet title to the property. (Dkt. No. 1-1.) Plaintiffs' complaint was removed to this Court on September 30, 2022. (Dkt. No. 1) On October 7, 2022, Defendant filed a motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief could be granted. (Dkt. No. 8.) Plaintiffs failed to file a timely reply. On November 2, 2022, Plaintiffs filed an "Amended Complaint for a Civil Case," which attached another document titled "Amended Complaint for Breach of Contract, Tortious Interference of Contractual Relations, and Response to Motion to Dismiss." (Dkt. No. 12.) On November 4, 2022, Defendant filed a reply to Plaintiffs' response. (Dkt. No. 13.)

### III    DISCUSSION

Defendant moves this Court to grant their motion to dismiss Plaintiffs' complaint due to Plaintiffs' failure to timely respond to their motion. (*See generally* Dkt. No. 13.)

#### A. Legal Standard

Local Civil Rule 7(b)(2) provides that "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). "Failure to follow a district court's local

1   rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Here,

2   Plaintiffs failed to timely file a response to Defendant's motion to dismiss.  Defendant filed their

3   motion to dismiss on October 7, 2022.  (Dkt. No. 8.)  The motion was docketed for the Court's

4   review on November 4, 2022, pursuant to Local Civil Rule 7(d)(3).  (*See Id.*)  Under this

5   District's rules, Plaintiffs were obligated to file any opposition as of "the Monday before the

6   noting date," which was October 31, 2022.  LCR 7(d)(3).  Plaintiffs filed their amended

7   complaint and response to Defendant's motion to dismiss on November 2, 2022.  (Dkt. No. 12.)

8   Plaintiffs also did not seek leave to file an amended complaint with the Court.  Plaintiffs were

9   required by Federal Rule of Civil Procedure 15(a)(2) to seek leave of court since their amended

10  complaint was filed more than 21 days after Defendant filed their motion to dismiss and they did

11  not seek Defendant's consent to amend the complaint.  *See* Fed. R. Civ. P. 15(a).

12          **B.  Dismissal For Failure to Follow Local Rules**

13          Before granting dismissal for failure to follow local rules, the Court must consider several

14  factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's

15  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

16  favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."

17  *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986))

18  (internal quotation marks omitted).

19          "Parties have an obligation to respond to motions."  *Patel v. City of Los Angeles*, 791 F.

20  App'x 688, 689 (9th Cir. 2020).  "A district court's authority to dismiss a litigant's claims for

21  failure to prosecute or to comply with court rules and orders is well-established."  *Rendon v.

22  Cnty. of Orange*, No. 21-56163, 2022 WL 16832810, at *1 (9th Cir. Nov. 9, 2022).  This

23  District's local rules are intended "to promote the just, efficient, speedy, and economical

24

determination of every action and proceeding." LCR 1(a). There is a significant public interest in the speedy and efficient resolution of litigation and "delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Plaintiffs offer no justification for their delay in responding to Defendant's motion to dismiss and their attempt to amend their complaint absent leave of this Court also may delay the speedy resolution of this litigation. As such, we find that the first two factors weigh in favor of dismissal.

The third factor also weighs in favor of dismissal. There is a presumption that any unreasonable delay is prejudicial. *See Rendon*, 2022 WL 16832810, at *1. Plaintiffs may rebut this presumption by offering a reasonable justification for the delay, *see In re Phenylpropanolamine*, 460 F.3d at 1228, but Plaintiffs have failed to offer any excuse for their delay. This delay is even less excusable considering that that Plaintiffs have engaged in repeated litigation in this District regarding the disposition of their property (*see* Dkt. No. 8 at 2–4) and should, by now, be well aware of this Court's local rules.

While public policy favors disposition of cases on their merits, "that objective can only be achieved if plaintiff elects to cooperate in the process." *Lambert v. Aston*, No. C17-1792-RAJ-JPD, 2018 WL 6517556, at *3 (W.D. Wash. Nov. 13, 2018), *report and recommendation adopted*, No. C17-1792-RAJ, 2018 WL 6505430 (W.D. Wash. Dec. 10, 2018). The Ninth Circuit has held that "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine*, 460 F.3d at 1228. While Plaintiffs' response was only delayed by a few days, Plaintiffs ultimately have the responsibility to prosecute their case and their delay and

disregard of local and Federal Rules ultimately impedes the efficient and just disposition of their case.  As such, we find that the fourth factor is neutral.

Finally, we find that dismissal is appropriate despite the possibility of lesser sanctions. As repeat players in this District, Plaintiffs should know the consequences of failing to timely file their opposition briefing.  Indeed, Plaintiffs have previously failed to respond to other motions to dismiss in other related cases and received warnings accordingly.  *See, e.g.*, *Hewitt v. Quality Loan Servs.*, No. C19-5274 BHS, 2019 WL 3287078, at *2 (W.D. Wash. July 22, 2019).

### C.  Dismissal on the Merits

Though the Court is dismissing this case for failure to comply with local rules, the Court notes that dismissal on the merits is also warranted.

First, Plaintiffs' claim alleging violations of the Fair Debt Collection Practices Act fails to state a claim upon which relief can be granted.  Plaintiffs appear to tacitly recognize this as they have dropped this claim in their proposed amended complaint.  (*See* Dkt. No. 12 at 7.) Additionally, case law in this Circuit is clear that enforcing a security interest through a foreclosure proceeding "is not an attempt to collect a debt" and, unless the mortgage creditor "seeks something beyond the return of the security interest . . . the mortgage creditor is not collecting a debt and cannot be a debt collector as defined by the FDCPA."  *Guirguis v. U.S. Bank Nat'l Ass'n as Tr. for GSR Mortg. Loan Tr. 2006-4F Mortg. Pass-Through Certificate Series 2006-4F*, No. C18-1456-JCC, 2021 WL 848875, at *3 (W.D. Wash. Mar. 5, 2021); *see also Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 999 (2020).

Second, Plaintiffs appear to argue that Defendant's 2019 non-judicial foreclosure was time barred due to Washington state's statute of limitations for breach of contract.  (*See* Dkt. No. 1-1 at 6.)  Plaintiffs misunderstand the nature of statute of limitations claims.  The Washington

1    Supreme Court "has consistently held that accrual of a contract action occurs on breach." *1000*

2    *Virginia Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 428 (2006), *as corrected* (Nov. 15, 2006).

3    Additionally, Washington law is clear that the statute of limitations for installment loans

4    "accrues for each monthly installment from the time it becomes due." *Cedar W. Owners Ass'n v.*

5    *Nationstar Mortg.*, LLC, 434 P.3d 554, 560 (Wash. App. Ct. 2019).  Even assuming that

6    Plaintiffs are correct and Washington Revised Code § 4.16.040's six year statute of limitations

7    applied to the current foreclosure action, Plaintiffs' loan required monthly payments through

8    maturity of the loan so Defendant was well within the statute of limitations when it brought its

9    2019 Amended Notice of Trustee's Sale.  (*See* Dkt. No. 1-1 at 12.)  Indeed, Plaintiffs' original

10   complaint included a mortgage statement from 2016 that showed that Plaintiffs had failed to

11   make timely mortgage payments. (*See* Dkt. No. 1-1 at 30.)

12           Finally, to the extent that Plaintiffs assert that Defendant breached the settlement

13   agreement between the parties, Plaintiffs state no allegations that would constitute a breach of

14   contract claim.  Though on a motion to dismiss for failure to state a claim the Court must

15   construe the complaint in favor of Plaintiffs, "[t]he court need not accept as true . . . allegations

16   that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234

17   F.3d 428, 435 (9th Cir. 2000).  Defendant has asked the Court to take judicial notice of certain

18   court records and other public documents, pursuant to Federal Rule of Evidence 201.  (Dkt. No.

19   9 at 1–4.)  The Court may properly take judicial notice of court records in another case, *see*

20   *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980), and "'matters of public record,'" *see*

21   *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), without converting a Defendant's

22   Rule 12(b)(6) motion into a motion for summary judgment.  *See also Petheram v. Wells Fargo*

23   *Bank*, No. C13-1016JLR, 2013 WL 4761049, at *1 n.1 (W.D. Wash. Sept. 3, 2013).  The court

24

and public records proffered by Defendant clearly indicate that Defendant sought to and complied with the terms of the settlement agreement by recording a judgment and decree in 2016 with the Pierce County Auditor that rescinded the prior Trustee's deed of sale and restored the deed of trust.  (*See* Dkt. No. 9-1 at 43.)

### IV    CONCLUSION

Accordingly, and having considered Defendant's motion (Dkt. No. 8), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's motion to dismiss is GRANTED, Plaintiffs' proposed amended complaint is STRICKEN, and the case is DISMISSED with prejudice.

Dated this 22nd day of November, 2022.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 8) - 7